8199

DEAL v. DEAL.

1. CONSIDERATION FOR COMPROMISE.—That a *bona fide* claim is doubtful is a sufficient consideration for its compromise. Here the promise of the expressed beneficiary of an insurance policy to one claiming as beneficiary that if she would let her have the policy she would collect it for her benefit and pay the money to her, is enforced as being based on sufficient consideration.

| Exceptions. | [91 S. C. |
|---|---|

2. NUMEROUS EXCEPTIONS not considered because, if questions of law therein raised were erroneously decided, they are not shown to have been prejudicial to the rights of appellant.

3. REHEARING *refused.*

Before ALDRICH, J., Richland, May, 1911.    Affirmed.

Action by Mary L. Deal against Margaret E. Deal and A. M. Deal.    Defendants appeal on the following exceptions:

First Exception. "Appellants respectfully submit that his Honor erred in ruling, during the examination of the plaintiff, as follows: 'How much insurance was in existence at the time of Dr. Deal's death on his life?    Mr. Gibbes: I object.    The Court: Sustained.    You cannot go into other insurance, except that involved in this suit.    It has taken three times more than necessary to try this case now; if we are going to bring in another case I don't know when we will ever get through.'

"And in ruling, during the examination of witness J. E. Whisonant, as follows: 'Do you recall having any conversation with Mrs. M. L. Deal during the month of December with reference to insurance on the life of her late husband? Yes, sir.    When was the first time you had any conversation with Mrs. M. L. Deal with regard to that matter?    Mr. Gibbes: He must confine himself to this particular policy; no other policy shall be considered.    The Court: Confine the matter to this insurance.    I have ruled other insurance does not come in the consideration of this case.    Mr. Verner: Would you allow me to state to you why I think the other insurance matter will bear some relation?    The Court: We discussed that twice yesterday.    Mr. Verner: I have never suggested yet why it should be done.    The Court: Gentlemen of the jury, retire to your room while the matter is being discussed that I do not care to have ventilated in your presence.    (Jury retired.)    Mr. Verner:

One matter that we are trying to find out is whether Dr. S. M. Deal intended or wished this money to go to his wife or not. The testimony was that this assignment was returned by the company to Dr. Deal, and there the matter was let drop, nothing more was done. If I can show about that time Dr. Deal took out other insurance on his life, payable to his wife, wouldn't that be evidence tending to prove that he had changed his mind with reference to giving her the benefit of this particular policy, and had intended giving her, in lieu of this, a larger policy? I think the testimony competent, tending to show what disposition Dr. Deal intended to make of this policy. If I can show at that time he took out a larger policy, payable to his wife, the inference can be drawn he intended to leave this for his mother. Mr. Gibbes: This policy we have in consideration in this case was issued June, the other policy he has reference to was November; absolutely no connection between them; and there is nothing in the contention of my friend, Mr. Verner. The Court: The logical inference that could be drawn from his taking out additional insurance in favor of his wife was that he was not satisfied with the amount already provided for, that it was not sufficient; but in either event, that was a separate and distinct transaction altogether from the one we are now investigating; unless there was some act, or some word of the insured at the time going to show he intended one in place of the other. Just to prove he took out additional insurance for the benefit of his wife would have no bearing whatever on the merits of this case. Let the jury come in; let's consider this matter closed now.'

"The error in the ruling of the Court being that in ruling as he did the presiding Judge kept defendants from bringing to the jury knowledge of the fact that about the time, and after the assignment referred to in the complaint had been returned to the insured by the insurance company, the insured took out additional insurance on his life for the benefit of plaintiff: (a) such evidence being relevant to the

issues raised by the pleadings, since from it the jury could infer, in connection with the terms of the written assignment, that the insured had destroyed such assignment (as he had reserved the right in the very assignment itself to do) and changed his mind with reference to having the beneficiary of the policy changed; (b) and such evidence also being relevant, since from it the jury could infer that the insured did not intend that the policy in dispute should go to the plaintiff; (c) and such evidence being directly in reply to testimony of plaintiff's witnesses, allowed over the objection of defendants, as to the intention of the insured in reference to the assignment.

Second Exception. "Appellants respectfully submit that his Honor erred in ruling, during the examination of the witness, A. M. Deal, as follows:

" 'Witness: I said to her, at that time, the fact you have surrendered the policy, surrendered possession of the policy, although you had no legal right to it, has not and shall not affect, shall not in the least affect your rights, any rights you have, and I went on and said we can make up an agreed statement stating the policy is still in your possession and the money in the possession of the insurance company, and submit it to some board of arbitrators, and leave it to them. Now, Mr. Gibbes came to me about this matter and stated to me— Mr. Gibbes: I don't think that is relevant. Witness: I think it relevant. I can say there was no necessity to have brought this suit. The Court: We have got to try it now, as it is brought, and try it on proper principles. I admonish all parties to confine themselves to the material issues of the case in the interest of time. Mr. Verner: The testimony is relevant. The Court: Ask him some question and I will rule on it. Mr. Verner: Mr. Deal, did you, before the commencement of this action, offer to submit the controversy between yourself and your mother on the one side, and Mrs. M. L. Deal on the other, to arbitrators as to who was in possession or entitled to this money? A. Yes,

sir; I did. The first proposition I made to Mr. Gibbes was this, he told me that Mr. J. T. Seibels had told him that she was legally entitled to it and I told him— Mr. Gibbes: I object. The Court: Irrelevant. He is entitled to have access to the Courts of the country if he wanted to.'

"The errors in this ruling being, that by so ruling his Honor kept from the jury knowledge of the fact that before the commencement of the action, and after the policy had been forwarded to the insurance company and the money paid, they offered and endeavored to restore plaintiff, as far as possible, to the same standing that she had with reference to the matter before she surrendered the policy; the evidence being relevant, in that it intended to show good faith on the part of defendants and was in reply to the allegations of the complaint to the effect that defendants had conspired together to cheat and defraud plaintiff; the said testimony being especially relevant in view of the fact that under his Honor's view of the law and facts of the case, as outlined in his charge to the jury, defendants should have restored the money to the company and the policy to the plaintiff, and treated with her at arm's length or paid the money over to her.

Third Exception. "Appellants respectfully submit that his Honor erred in ruling out, during the examination of the witness, A. M. Deal, two letters written during the period of the alleged conspiracy by defendant, A. M. Deal, to his codefendant, Margaret E. Deal, said letters being offered in evidence and relevant to the issues, since they tended to show such facts as would justify the jury in concluding that defendants had not conspired and confederated together to cheat and defraud the plaintiff, as alleged, one of said letters being written at the request of plaintiff and on her behalf, and both being part of the *res gestae,* and, therefore, not subject to objection interposed by plaintiff's attorney.

"As to motions for nonsuit and direction of verdict:   .

Fourth Exception. "Appellants respectfully submit that his Honor erred in refusing the motions for nonsuit and direction of verdict, made upon the grounds hereinabove set out in the record; the error being that there was no testimony whatsoever upon which to submit the case to the jury, the undisputed evidence in the case showing the following facts:

"(a) That Dr. Deal, the insured, took out a life insurance policy payable in the event of his death prior to the expiration of the endowment period of twenty years to his mother, if she were living; (b) that the life insurance policy contained a clause giving to the insured the right to change the beneficiary by returning the policy to the home office of the company at Newark, N. J., with the insured's written request for the appropriate endorsement of the policy by the company; (c) that the insured died within the endowment period, leaving the beneficiary, defendant, Margaret E. Deal, surviving him, without having had the beneficiary changed in the manner set out and agreed upon in the policy of insurance; (d) that defendant, Margaret E. Deal, had no knowledge of the terms of the policy contract establishing her rights therein, nor of the alleged attempt to change the beneficiary before the death of the insured, nor did she with full knowledge of her rights to the insurance money agree to forego the same and allow plaintiff to receive the benefits of said insurance policy; (e) that defendant, Margaret E. Deal, neither executed any assignment of her rights in the policy to the plaintiff, nor had she joined the insured in the execution of any assignment or been requested by him to do so; (f) that plaintiff had not been induced by any promise or act of defendants to surrender any rights that she had in or to the policy of insurance or the money represented by it or to change her position with reference to the matter in controversy to her detriment; (g) that defendants had not received any benefit by reason of the surrender

of the policy by plaintiff to which they were not entitled as a matter of law independent of her voluntary surrender of the policy; (h) that said assignment was never delivered to or in the possession of the plaintiff.

"As to charge:

Fifth Exception. "Appellants respectfully submit that his Honor erred in stating the issues to the jury and by charging them that the issues for them to try were raised by the allegations of the complaint and the denials of the answers and in not limiting and confining the jury to the trial of the issue ordered to be submitted to them by the opinion of the Supreme Court upon the former appeal in this case, the said issue being whether or not the defendant, Margaret E. Deal, had waived her right to insist upon a strict compliance with the policy contract as to the change of beneficiary and had acknowledged the plaintiff, Mary L. Deal, as the beneficiary under the policy and had thereby caused said plaintiff to change her position with reference to her rights in the matter to her detriment; and in submitting to the jury as an issue for them to determine whether or not plaintiff, Mary L. Deal, had a cause of action against the insurance company for its failure to carry out the contract entered into by it with the insured with respect to the change of beneficiary; and also whether she had in consideration of the alleged promise of defendants to collect the money and pay it over to her agreed to withdraw her claim against the insurance company and to surrender her rights against said company, there being no allegation in the complaint as to any cause of action that she might have had against the company and no denial thereof in the answers, the attention of the Court having been called to the error by defendants' counsel before his Honor submitted the case to the jury.

Sixth Exception. "Appellants respectfully submit that his Honor erred, in that he failed and refused to construe the paper set out in the complaint and designated as the assignment of the policy so as to give the defendants the benefit

of the following clause, which was entirely omitted when his Honor read said assignment to the jury, to wit: 'I hereby reserve the right to cancel this assignment at any time without notice to or consent of the assignee.'

"The foregoing clause being a part of said written assignment, to which full force and effect should have been given by the Court in the interpretation thereof, and which clause changes said assignment from an unconditional assignment to a testamentary instrument, which would not be effective unless it had been shown by the testimony not to have been cancelled or avoided by the insured during his lifetime; and in charging the jury in connection therewith as follows:

" 'But if this assignment was sent to the home office at Newark, N. J., it would be equivalent to the written request to change the beneficiary, and would be effectual for that purpose, if the policy had accompanied it; but it was essential that the policy should go to the home office in New Jersey along with the assignment in order to accomplish that object.'

"The error being in instructing the jury as a matter of law that if the assignment had been sent to the home office in Newark, N. J., it would be equivalent to. a written request to change the beneficiary, and would be effectual for that purpose if the policy had accompanied it; whereas, it was a question to be determined by the jury what purpose the insured had in sending the paper designated as an assignment and the policy to the home office—whether it was his purpose to have the beneficiary changed or to assign his interest in the policy, said assignment not being in form a request to change the beneficiary, but merely an assignment of the interest of the insured.

Seventh Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows:

" 'The object of sending the policy along with the written request was to enable the insurance company to make the appropriate indorsement upon the policy, whether they did

it or not was their responsibility; when he sent the written request accompanied by the policy to the home office at Newark, N. J., the beneficiary under that policy was *ipso facto* changed then, whether the company made appropriate indorsement on the policy or not; but it was necessary that that written request should be made at the home office at Newark, N. J., and that the original policy should be sent with it, either at the time it was made, or thereafter, to enable them to put the appropriate indorsement on it.'

"The error being (a) that under the law as laid down by the Supreme Court in this case the beneficiary in the policy was not changed and could not be changed by the act of either the insured or of the company, nor could either the company or the insured waive any right of the beneficiary; the beneficiary being as much entitled to rely upon the provisions governing the change of beneficiary as the insurer or the insured. When, therefore, the insurer agreed with the insured that the policy would have to be properly indorsed before a change of beneficiary could be effected, then the beneficiary had the right to insist upon having the policy properly indorsed, and the failure of the company to have the policy properly indorsed could not be urged against the beneficiary, but against the company alone, and in this connection his Honor should have held as matter of law that the change of beneficiary would take effect only upon indorsement of the policy by the company; (b) and also in stating to the jury that the policy might be sent on to the home office *at any time* after the assignment had been sent on, when in order to effect a change of the beneficiary it would be necessary for both the request to change the beneficiary and the policy to be delivered to the company at its home office before the death of the insured.

Eighth Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows: 'If Mrs. Mary L. Deal was in possession of the assignment, and in possession of the policy, and if her husband sought in his

lifetime to substitute her in the place of his mother as beneficiary in the case and failed of his purpose through the acts of the company, or authorized agent of the company, then she may have had or not a cause of action against the company, to prosecute which it was necessary for her to have possession of the policy and to be the owner; for Mrs. Margaret E. Deal, although the beneficiary, in order for her to collect the money due upon the policy it was necessary for her to have possession of it.'

"The error being (a) in submitting to the jury an issue not raised by the pleadings, to wit: whether or not the plaintiff, Mary L. Deal, had an action against the insurance company on account of its failure to make a change in the beneficiary, when no such issues were raised either by the pleadings or by the opinion of the Supreme Court in the former appeal of this case; (b) In allowing the jury to say whether or not the plaintiff had had a cause of action against the company; whereas, he should have held as a matter of law that no cause of action would accrue to plaintiff, Mary L. Deal, on account of the failure of the company to make the indorsement on the policy, since a cause of action growing out of the failure of the company to indorse the policy would not descend to the plaintiff as assignee of the insured, but would go to his executor or administrator; (c) In charging as a matter of law that it was necessary for the plaintiff to have possession of the policy and be the owner of it in order to recover against the company, since it was alleged in the complaint 'That thereafter, on or about the 15th day of January, 1908, realizing that the said defendants would possibly not carry into effect the said agreement so made, plaintiff notified the said company of her rights and interests in said money and urged that the same be not paid to the defendants, but to the plaintiff. That on the 20th of January, 1908, contrary to the wishes of the plaintiff, the said company paid the money to the defendant, Margaret E. Deal, through the defendant, A. M.

Deal;' it being respectfully submitted, that if the company had, after being notified of plaintiff's revocation of her authorization to the defendants to collect the money, paid said money over to said defendants, then the company acted at its peril and could be made to respond in damages regardless of the possession of the policy; (d) In charging the jury that in case the insured had failed of his purpose to change the beneficiary through the act of the company or its authorized agent, then plaintiff may or may not have had a cause of action against the company; whereas, as a matter of law, no cause of action would accrue to the plaintiff as the assignee of the insured or as the beneficiary of the policy, but to the personal representatives of the insured on account of the company's breach of its contract with the insured.

Ninth Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows: 'If Mrs. Deal, the beneficiary, the mother, in order to get possession of this policy so necessary to her to collect the amount due upon it, either in person or by agent, represented to the plaintiff that upon collection of that money it would be for her benefit, or in collecting that money it would be for her benefit, and upon receiving it would be turned over to her, procured possession of this policy, the surrender of it by the plaintiff to her, then when she collected the amount due upon this policy, if she did collect it, it was for the benefit of the plaintiff;' and, also: 'Inasmuch as the defendants could not have collected that policy without the possession of it, there was something of advantage to them to get it in possession; so that, if you find that these facts existed, then I charge you there was ample valuable consideration to support the promise made by the defendants to the plaintiff, if they made it.'

"The error being (a) that under the law the policy and the money represented by it belonged the moment it was issued to the beneficiary, Margaret E. Deal, and the plain-

tiff, Mary L. Deal, was under a legal obligation to deliver to defendant, Margaret E. Deal, the said policy: and, therefore, the surrender of the policy by the plaintiff to the defendant would not be a sufficient consideration to support the alleged promise of the defendants to collect the said money for her; and (b) in charging the jury as a matter of law that it was necessary for defendant, Margaret E. Deal, to have the policy in her possession in order to collect the amount due to her by the company; whereas, it is submitted, it was not necessary under all circumstances for the beneficiary, Margaret E. Deal, to have possession of the policy in order to collect it.

Tenth Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows: '* * * *and the proper thing up to the time of bringing this suit* would have been either to have paid that money over to the plaintiff, provided the policy was acquired in that way, to pay that money over to the plaintiff in accordance with the agreement and representations made to her at the time it was obtained from her, or else, if she wanted to stand upon her rights as she conceived them, put that money back in the hands of the insurance company, put the policy back in the hands of the plaintiff, then deal with each other at arm's length.'

"The error being (a) that it was a charge upon the facts of the case, in violation of article V, section 26 of the Constitution of South Carolina, an invasion of the province of the jury for the Court to say as a matter of law how the defendants could have put the plaintiff back in the same position that she occupied before the surrender of the policy, there being other ways whereby the plaintiff could have been restored to the position she occupied before she surrendered the policy; (b) And it also being error for his Honor to assume that the defendants could place the money back in the hands of the company and cause them to surrender the policy after they had paid out the money to

the party to whom they contended it belonged; the plaintiff having alleged in her verified complaint and testified during trial that the company had paid out said money over her protest and after she had notified it that she had revoked her authority given to the defendants to collect for her the amount of the policy; the said error being particularly harmful, because his Honor had refused to allow the defendant, A. M. Deal, to testify as to what efforts had been made to do to all practical effects exactly what he here stated should have been done.

Eleventh Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows: 'A valuable consideration is anything which is of advantage or benefit to the party receiving it, or the hurt or injury to the party with it—the subject of the agreement—anything that would be of interest or advantage to Mrs. Margaret E. Deal and A. M. Deal on the one hand, or the hurt or injury or prejudice to Mrs. Mary L. Deal, the plaintiff, on the other hand, would be a sufficient valuable consideration to support that promise, if they made it.'

"Since a party may receive an advantage or benefit to which they are legally entitled, and to render one this kind of advantage would not be sufficient consideration to support a contract; and in this connection his Honor should have held that under the opinion of the Supreme Court in this case the defendant, Margaret E. Deal, was entitled to the possession of the policy upon the death of the insured, and the plaintiff, Mary L. Deal, was under a legal obligation to surrender the said policy to her; and that, therefore, while the possession of the policy was of advantage to defendant, Margaret E. Deal, yet the surrender thereof by the plaintiff, Mary L. Deal, was not a sufficient consideration to support the alleged promise of the defendants to collect the money for the plaintiff, Mary L. Deal, the surrender thereof by the plaintiff not being an injury to any rights which the plaintiff had.

364            Deal *v.* Deal.

Twelfth Exception. "Appellants respectfully submit that his Honor erred in charging the jury as follows: 'Where two or more parties are contending for the same thing, something that is unsettled, undetermined between them, the settlement of a doubtful liability, is a sufficient consideration to support an agreement, the promise (compromise) or settlement of a family matter for the sake of peace where the rights upon the one side and upon the other are undetermined as to who will win out in the final adjustment of the controversy, where the parties come together and agree upon a settlement there is a sufficient valuable consideration to support a promise (compromise), what is called settlement of doubtful liability.'

"The error being that the foregoing statement of law was not responsive to any of the issues joined by the pleadings, nor to the question ordered to be submitted to the jury by the Supreme Court, since upon the death of the insured the question as to who was entitled to the insurance money was not unsettled or undetermined, nor was there any doubtful liability, the defendant, Margaret E. Deal, the beneficiary, being solely entitled to the proceeds of the policy.

Twelfth Exception. "Defendants respectfully submit that his Honor erred in refusing to charge their 4th, 6th, 8th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 18th, 20th, 21st, 22d, 23d and 24th requests as follows, to wit:

" '4. If you find that the insured, Samuel M. Deal, did not, while the policy was in force and not assigned, return the policy to the company at Newark, N. J., with the insured's written request for the appropriate endorsement of the policy by the company; or if you find that the insured, Samuel M. Deal, while the policy was in force and not assigned, returned the policy to the company at Newark, N. J., with the insured's written request for the endorsement of the policy by the company, but that the company did not change the beneficiary by making the appropriate

endorsement on the policy, then I charge you that the beneficiary of the policy was never changed and upon the death of the insured the beneficiary, Margaret E. Deal, became entitled to the proceeds of the policy.'

" '6. I charge you as a matter of law that inasmuch as the original beneficiary, Margaret E. Deal, did not join in the assignment of the policy the plaintiff takes under the assignment only the interest that the insured, Samuel M. Deal, had; and since he died before the expiration of the twenty years endowment period and left the original beneficiary surviving him, his interests died with him, and, therefore, his assignee, the plaintiff, is not entitled to the policy under the said assignment.'

" '8. If you find that the plaintiff did not pay, or agree to pay, the defendants for their services in the collection of said policy to induce them to collect the said policy and turn it over to her, then any promise made by them, or either of them, to collect the said policy and pay the proceeds over to her would not be binding upon them, unless you find that acting upon such promise, if you find that such promise was made, the plaintiff was caused to surrender any right that she had or was put to expense.'

. " '10. I charge you that the terms of the policy giving the insured the right to change the beneficiary have never been complied with; and if you find that the defendant, Margaret E. Deal, did not know of the attempt to have the beneficiary changed, if you find that the insured did attempt to change the beneficiary, before the death of the insured and before the promise was made by the defendant, A. M. Deal, to collect the proceeds of the policy and turn them over to the plaintiff, if you find that he did make such a promise, and if you find that the defendant, Margaret E. Deal, did not promise to collect the proceeds of the policy and turn them over to the plaintiff, then your verdict must be for the defendants.'

" '11. I charge you that any act of the insured, whether by written assignment or otherwise, not assented to by the company and not agreed to or acquiesced in by the defendant, Margaret E. Deal, will be ineffectual to deprive the defendant, Margaret E. Deal, of her rights to the proceeds of the insurance policy.'

" '12. I charge you that the plaintiff in this case cannot recover unless she shows by the preponderance of the evidence that the defendant, Margaret E. Deal, knew that the policy issued on the life of her son, Samuel M. Deal, was "payable at its office in the city of Newark, N. J., to the insured on the 21st day of July, 1923, or should he die before that time, then payable to Margaret E. Deal, his mother, if living, otherwise to the executors, administrators or assigns of the insured," and if you find that she did not know that the policy of insurance gave to the insured as a special privilege the right: "At any time while this policy is in force and not assigned, upon the return of the policy to the company at Newark with the insured's written request for the appropriate endorsement of the policy by the company: To have the beneficiary changed," at the time that the promise was made to the plaintiff to collect the proceeds of the policy and turn the same over to plaintiff, if you find that such promise was made, then your verdict must be for the defendants.'

" '13. I charge you (1) that the plaintiff must prove by the greater weight of the evidence that the insured, Samuel M. Deal, executed the assignment set out in the complaint and sent it, together with the policy, to the home office of the insurance company at Newark, N. J., with the purpose and intention of having the beneficiary in the policy changed, and that the beneficiary knew before said promise to collect the proceeds of the policy and turn same over to the plaintiff, if you find that such promise was made to her, and that said Samuel M. Deal had executed the assignment and forwarded it, together with the policy, to the company

at its home office at Newark, N. J.; (2) The plaintiff must prove by the greater weight of the evidence that the original beneficiary, Margaret E. Deal, knew at the time said promise is alleged to have been made that the insurance company had returned the assignment to the insured, Samuel M. Deal, together with a statement that the said assignment was inoperative, if you find that the company did return the assignment with such statement; (3) The plaintiff must prove by the greater weight of the evidence that the original beneficiary, Margaret E. Deal, at the time that said promise is alleged to have been made, if you find that any such promise was made, had full knowledge of the fact that she was the sole person at that time entitled to the proceeds of the policy; (4) The plaintiff must show by the greater weight of the evidence that the original beneficiary, Margaret E. Deal, made the said promise to collect the proceeds of the policy and turn them over to the plaintiff, if you find that any such promise was made by her, with the purpose of having the plaintiff act upon such promise or the expectation that she would act upon said promise; (5) The plaintiff must show by the greater weight of the evidence that the plaintiff was led by said promise to collect the proceeds of the policy and turn the same over to her, if you find that such promise was made, to incur some expense or to change her position with reference to her legal rights, if you find that she has any legal rights, to her detriment.'

" '14. As to the question of waiver by Margaret E. Deal of her right to the proceeds of the policy I charge you that if you find as matter of fact that defendant, Margaret E. Deal, by her own acts or those of her agent, promised to collect the proceeds of the policy and pay them over to the plaintiff, but that at the time of the making of such promise she did not know that the insured, Samuel M. Deal, had sent an assignment of the policy, together with the policy, to the home office of the company at Newark, N. J., if you find such to be the facts, then your verdict must be for

the defendants, for the reason that before the defendant, Margaret E. Deal, can be held to have waived her rights the plaintiff must make it appear by the preponderance of the evidence that the defendant knew of her rights.'

" '15. I charge you that the plaintiff must prove by the preponderance of the evidence that the defendant, Margaret E. Deal, authorized and directed the defendant, A. M. Deal, to state to the plaintiff that the money represented by the policy would be collected by the defendants and paid over to the plaintiff, if you find that such statement was made by A. M. Deal, or that the defendant, Margaret E. Deal, acquiesced in and ratified the statement of the defendant, A. M. Deal, with full knowledge of said promise.'

" '16. I charge you as a matter of law that the assignment set out in the complaint and relied upon by the plaintiff as the basis of her claim to the insurance policy is ineffectual to convey to her the said insurance policy and the proceeds thereof, because the assignment could convey only the right of the insured, Samuel M. Deal, and inasmuch as it is admitted that the insured died within the endowment period leaving the original beneficiary surviving him, the assignment is inoperative to convey any interest to the plaintiff.'

" '18. If you find that the insured executed the assignment set out in the complaint and sent out, together with the policy, to the company at its home office in Newark, N. J., and that notwithstanding the receipt of the assignment and policy by the company at its home office in Newark, N. J., if you so find it failed to endorse the change of the beneficiary on the policy, then the attempted change of the beneficiary would be ineffectual and the defendant, Margaret E. Deal, would be entitled to the proceeds of the policy notwithstanding the attempted change, unless with full knowledge, both of the insured's attempt to have the change made and of the company's refusal to endorse the policy, she promised to give the proceeds of the policy to

the plaintiff and the plaintiff acted upon such promise to her detriment.'

" '19. If you find that the defendant (plaintiff) employed the defendant, A. M. Deal, as her attorney to collect the proceeds of the insurance policy for her, and that he collected the amount thereof by reason of his employment so to do, and if you find further that the plaintiff, Mary L. Deal, did not demand the money so collected by him of the defendant, A. M. Deal, previous to the institution of this action, then you cannot find a· verdict against the defendant, A. M. Deal.'

" '20. I charge you as a matter of law that upon the death of the insured, Samuel M. Deal, leaving the original beneficiary named in the policy, Margaret E. Deal, surviving him, she became entitled to the possession of the insurance policy because she was entitled to the proceeds thereof, unless she had with full knowledge of her rights thereto promised to give the same to the plaintiff, and that the plaintiff had acted upon that promise to her detriment.'

" '21. If you find that the insurance company returned the assignment to the insured, Samuel M. Deal, with a statement that the same was inoperative, and that after it had been returned to him he destroyed the same (as he had reserved the right in the said assignment to do without notice to or the assent of the assignee) with the intention of depriving the plaintiff of any interest in the policy, then I charge you that whatever interest the plaintiff had by reason of the assignment was thereby destroyed.'

" '22. If you find that the assignment referred to in the letters of Margaret E. Deal in evidence was an assignment executed, both by the insured and the defendant, Margaret E. Deal, the original beneficiary, then I charge you that the plaintiff cannot recover unless she proves by the preponderance of the evidence that both the insured and the defendant, Margaret E. Deal, executed an assignment of the policy.'

24—91

" '23. If you find that the assignment referred to in the letters of Margaret E. Deal in evidence was an original assignment, and that when she wrote the said letters she meant that .the money .was held subject to the original assignment, and not to .any typewritten copy thereof, then I charge you that the plaintiff cannot recover on .the basis of the statement contained in the letters, unless the plaintiff has satisfied you by the preponderance. of the evidence that she has produced the original assignment.'

" '24. I further charge you that unless the plaintiff has proved to your satisfaction by the preponderance of the evidence that when the defendant, Margaret E. Deal, wrote the said letters to the plaintiff she had full knowledge of her right to the insurance money represented by the policy and intended to waive them in favor of the plaintiff, you cannot find that the plaintiff is entitled · to the proceeds of the policy by reason of the statements contained in said letters.'

"The error being that since said requests contained sound propositions of law applicable to the case as made out by the pleadings and evidence his Honor should have submitted the same to the jury."

*Messrs. James S. Verner* and *Alfred Wallace, Jr.,* for appellants. *Mr. James S. Verner* cites: *Who compose the "family" in the phrase "family controversy:"* 8 Cyc. 504; 12 Ency. 875; 19 Cyc. 455, 453; 19 S. C. 591; 32 S. C. 262; 26 S. C. 1001; 36 Ga. 184; 24 Ga. 402. *Family settlement must be supported by valuable consideration:* 8 Cyc. 501, 504; 9 Cyc. 311; 19 S. C. 591; 32 S. C. 262; 26 S. E. 1001; 24 Ga. 402; 70 S. C. 516. *Promisee must have an enforceable claim:* 1 Rich. L. 9. *And must waive some right:* 2 Rich. L. 113. *Policy belonged to defendant:* 87 S. C. 395; 77 S. C. ·299. *Plaintiff surrendered policy without consideration:* 9 Cyc. 347; 99 Cal. 187; 54 Ark. 151; 6 Ency. 750; 83 S. C. 78. *Defendant acquired*

*nothing by surrender:* 54 S. C. 244; 87 S. C. 399; 61 S. C. 538. *Assignment was testimentary in its nature:* 82 N. W. 535. *At death of insured, beneficiary's right vested:* 50 N. Y. Supp. 470; 90 Id. 471; 218 Ill. 202. *Whether plaintiff had an action against insurance company does not arise here:* 11 Ency. P. & P. 158-9, 161, 168-71, 178-9; 55 S. C. 416. *And she had no cause of action:* 4 L. R. A. 870. *Plaintiff parted with no value in surrendering policy:* 87 S. C. 395; 34 S. C. 244; 61 S. C. 538. *Acceptance of a benefit is not a sufficient consideration to support a contract:* 54 S. C. 244; 87 S. C. 395; 61 S. C. 538; 67 S. C. 388. *Issue of doubtful liability or compromise of family dispute is not raised by pleadings and should not have been sent to jury:* 11 Ency. P. & P. 158-9, 161, 168-71, 178-9; 55 S. C. 416.

*Mr. Alfred Wallace, Jr.,* cites: *There was no consideration for delivery of policy:* 35 Am. R. 80; 41 Conn. 142; 49 S. C. 62; 61 S. C. 537; 30 Ark. 50; 1 Met. 276; 58 N. E. 53; 85 Hun. 362; 14 Am. Dec. 431; 14 S. E. 886; 114 N. W. 820; 52 So. 426; 64 N. W. 334; 96 Fed. 735; 90 N. W. 1125; 66 Ia. 422. *The alleged agreement is not a compromise:* 170 Pa. St. 124; 62 S. W. 83; 116 Ala. 93; 25 Ala. 320; 3 Hill (N. Y.) 169.

*Mr. Hunter A. Gibbes,* contra, no citations.

The opinion in this case was filed on April 8, 1912, but remittitur held up on petition for rehearing until

May 1, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. On a former appeal in this case (87 S. C. 395), it was heard upon the following agreed statement of facts:

372          Deal v. Deal.

"The appeal herein, is from a judgment on a verdict, rendered in favor of the plaintiff-respondent, at the Spring term of the Court of Common Pleas, for Richland county, 1909.

"The plaintiff alleges that Dr. Samuel M. Deal took out an insurance policy, wherein he named his mother, Margaret E. Deal, as beneficiary, and agreed with the insurance company, that in the event of his surviving the endowment period of twenty years, then the amount of the policy should be payable to him, but that in the event of his death, during the endowment period, the said policy should be payable to his mother, if she were then living, otherwise to his executors or administrators.

"In the application for the policy, and in the policy, itself, the insured reserved the right to change the beneficiary, by sending the policy to the home office of the insurance company, at Newark, N. J., with his written request for a change of beneficiary, so that the proper endorsement might be made by the company on the policy.

"At the time of taking out the insurance policy, Dr. Deal was unmarried and subsequently married, and thereafter as claimed by the plaintiff, executed the assignment of the policy set out in the complaint, and sent the said assignment to the home office of the company, but did not, however, as claimed by the defendants-appellants, send the policy to Newark, N. J., for the purpose of having the change of beneficiary noted thereon.

"Thereafter Dr. Deal died, and the insurance company, not recognizing the attempted assignment, paid the proceeds thereof to the defendant, Margaret E. Deal, the beneficiary, under the policy, who had gotten possession of the policy, and made up proof of death.

"The plaintiff-respondent alleged, that not only was she entitled to the proceeds of the policy, by reason of the assignment, and by reason of the fact, that Dr. Deal had orally assigned the same to her, but also alleges, that the

defendants-appellants had committed fraud against her, in obtaining the possession of the policy from her; and asked judgment not only for the amount of the policy and interest, but also for five hundred dollars as punitive damages.

"The defendants-appellants deny, both that the plaintiff is entitled to the proceeds of the policy, and that they were guilty of fraud, in obtaining possession of the same, and claim that the defendant, Margaret E. Deal, was under the law, entitled to the proceeds of the policy."

On that appeal, the Court had under consideration the question, "whether his Honor, the presiding Judge, erred in charging the jury, that in order for Dr. Deal, the insured, to avail himself of the privilege of changing the beneficiary, it was not necessary for him to return the policy to the company, with a written request, that the change be endorsed upon it; that he could effect a change of beneficiary, either by a written assignment, or by a delivery of the policy, with the intention of making such change."

The Court ruled, that the policy did not contemplate an assignment by the insured, as the proper mode of changing the beneficiary, and, therefore, that the charge to the jury was erroneous.

The Court, also, had under consideration the question, whether there was error, in refusing the motion for a nonsuit, and in disposing of this question, said, "There was testimony tending to show that the defendant, Mrs. Margaret E. Deal, acknowledged the plaintiff as the beneficiary under the policy, and waived the right to insist upon proof of strict compliance, with the requirements of the policy, as to the change of beneficiary."

After the decision of the Court on the former appeal, the plaintiff amended her complaint, by adding another paragraph, which is as follows:

"That if the defendant, Margaret E. Deal, had a right to insist upon a strict and formal compliance with the pro-

visions of the said policy with reference to the change of
beneficiary, such right was distinctly and voluntarily
waived and surrendered, by her assuring the plaintiff that
the insurance money would be collected for plaintiff's bene-
fit, and thereby obtaining the policy from the plaintiff."

On the last trial of the case, the jury rendered a verdict
in favor of the plaintiff for $1,232.28, and this appeal is
from the judgment entered thereon.

The appellant's exceptions will be reported.

The first question that will be considered is, whether there
was error on the part of his Honor, the presiding Judge,
in refusing the motion for a nonsuit.

There was testimony to the effect, that after Dr. S. M.
Deal became insured, he married, and was desirous of
changing the beneficiary, so as to make the policy payable
to his wife, instead of his mother, and consulted
the agent of the insurance company, as to the proper
mode of making the change. That the agent
informed him, that there were two ways of effecting the
change,—one by forwarding the policy with a request in
writing to make the change, and the other by an assign-
ment of the policy, which was simpler and just as effective.
That upon the advice of the agent, the insured pursued the
latter method. That it is the custom for the local agents,
to attend to the making of such changes. That the assign-
ment and policy were delivered to the local agent, for the
purpose of being forwarded to the home office, in order
that the change might be made. That the agent forwarded
the assignment to the home office through the general agent,
but did not send the policy. That the assignment was
returned to the agent with the statement, that it would be
necessary for the beneficiary to join in the request. That
the policy and the assignment were afterwards delivered to
Dr. Deal, who delivered the policy to his wife, and died
under the belief that the change had been properly made.
That although the plaintiff was in possession of the policy,

the insurance company refused to pay her, on the ground that it was payable to Mrs. Margaret E. Deal. That Mrs. Margaret E. Deal, knowing these facts, made the following offer, through her agent, Mr. A. M. Deal, that if the plaintiff would let her have the policy, she would collect the money for the plaintiff's benefit, and pay it over to her. That, relying on this assurance, and believing that the defendants were acting in good faith, she surrendered the policy to them.

If there was testimony, tending to show such a consideration, as the law recognizes, for the promise of the defendant, Mrs. Margaret E. Deal, through her agent, Mr. A. M. Deal, that if the plaintiff would let her have the policy, she would collect the money for the benefit of the plaintiff, and pay it over to her, then the motion for the nonsuit was properly refused.

"There are cases to the effect, that in order to support a compromise, in avoidance of litigation, the claim must be an actual one, founded upon a colorable right, about which there is room for honest doubt, and actual dispute, and with some legal or equitable foundation, and not one which is without foundation, and is known to be so, or is in its nature an illegal claim, out of which no cause of action can arise, in favor of the person asserting it. The usual test, however, as to whether a compromise and settlement, is supported by a sufficient consideration, is held to be, not whether the matter in dispute was really doubtful, but whether or not the parties *bona fide* considered it so, and that the compromise of a disputed claim made *bona fide,* is upon a sufficient consideration, without regard to whether the claim be in suit or not.

"The law favors the avoidance or settlement of litigation, and compromises in good faith for such purpose, will be sustained, as based upon a sufficient consideration, without regard to the merits of the controversy, or character, or validity of the claims of the parties, and even though a

subsequent judicial decision, may show the rights of the parties, to have been different from what they, at the time, supposed. The real consideration which each party receives, under such a compromise, is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute." 8 Cyc. 307-312.

"In order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful, as to make it the subject of a compromise. And, after a compromise has been entered into, in good faith, in an action to enforce the satisfaction, the merits of the original controversy cannot be called into question." Enc. of Law 713-714.

These authorities show, that there was ample consideration for the settlement of what, all parties, with the facts before them, then supposed was a doubtful right.

There are numerous other exceptions, covering about twenty pages, but under the view this Court takes of the issues raised by the pleadings, it will not be necessary to consider them in detail, as the questions presented by them, even if erroneously decided by his Honor, the presiding Judge, are not shown to be prejudicial to the rights of the appellants.

The vital questions in the case are, whether the plaintiff and the defendant, Mrs. Margaret E. Deal, entered into the agreement heretofore mentioned; whether such agreement was based upon a sufficient consideration, and whether, if there was a sufficient consideration, the facts constituted waiver. There was no error in the charge in this respect.

Judgement affirmed.

MR. JUSTICE FRASER *concurs in the result.*

May 1, 1912. PER CURIAM. Petition for rehearing was dismissed by formal order filed May 1, 1912.